IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

VIDEO PROFESSOR, INC., a Colorado corporation,

Plaintiff,

v.

JOHN AND JANE DOES 1 THROUGH 100,
JOHN DOE CORPORATIONS 1 THROUGH 10, and
OTHER JOHN DOE ENTITIES 1 THROUGH 10,
all whose true names are unknown,

Defendants.

---

## COMPLAINT

---

Plaintiff, Video Professor, Inc. ("VPI"), through counsel, for its complaint against Defendants, states:

### I. NATURE OF PROCEEDINGS

This is an action at law and in equity brought under the Lanham Act to remedy acts of commercial disparagement, false advertising, and misrepresentation caused by Defendants' unauthorized Internet disparagement of VPI and its products. Each of the Defendants has posted false and defamatory messages concerning VPI on various Internet bulletin boards operated by third parties. The most efficient way of dealing with the defamatory messages would be to obtain an injunction against the several bulletin board operators, however, the operators of the bulletin boards are immune from suit under the Communications Decency Act of 1996 on claims

that would hold them liable for information posted on their bulletin boards by third parties. *See, e.g., Ben Ezra, Weinstein, and Co. America Online Inc.*, 206 F.3d 980, 984-86 (10th Cir. 2000).

Thus, VPI's only remedy is to pursue individually each person that posted and authored a defamatory message. Because the actual names and addresses of the Defendants are not disclosed on the bulletin board or in the posted messages, VPI brings the lawsuit against the Defendants identified at this juncture as John and Jane Doe defendants.

Because the operators of the bulletin boards are in possession of information concerning the identity of the Defendants such as the IP name and email address, VPI, by separate motion, will seek the Court's authorization to conduct discovery from the bulletin board operators to obtain the identifying information and thereafter will amend this Complaint to substitute the actual names of the Defendants.

## II. PARTIES

1. VPI is a Colorado corporation with its principal place of business in Lakewood, Colorado.

2. Upon information and belief, Defendants John and Jane Does 1 through 100 (the "Individual Defendants") are individuals whose names and addresses of residences are unknown.

3. Upon information and belief, Defendants John Doe Corporations 1 through 10 (the "Corporate Defendants") are corporations, the names and addresses of residences of which are unknown.

4. Upon information and belief, Defendants Other John Doe Entities 1 through 10 (the "Other Entity Defendants") are other legal entities, the names and addresses of residences of

which are unknown. The Individual Defendants, Corporate Defendants, and Other Entity Defendants are collectively referred to as the Defendants.

### III. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over VPI's claims pursuant to 28 U.S.C. § 1338(a) and (b), and 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction over VPI's claims arising under the laws of Colorado and the common law pursuant to 28 U.S.C. § 1367(a) because these claims are so related to VPI's claims under federal law that they form a part of the same case or controversy and derive from a common nucleus of operative fact.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) and (b) because the acts of infringement, disparagement and other wrongful conduct, and a substantial part of the events or omissions giving rise to the claims, occurred in the District of Colorado, and the Defendants may reside in the District of Colorado.

### IV. VPI'S BUSINESS AND INTELLECTUAL PROPERTY RIGHTS

8. VPI has been in the business of developing, marketing, and distributing for sale to retailers and the general public computer learning products including video tapes and CD-ROMs for 20 years.

9. VPI has continuously used the name VIDEO PROFESSOR in connection with the marketing and promotion of its business and products since at least as early as April 1987.

10. Since 1987, VPI has invested millions of dollars in advertising, marketing and promoting the VIDEO PROFESSOR brand and designated products, including the running of television advertisements and infomercials throughout the United States, and advertisement and

marketing through the Internet via its Website located at "videoprofessor.com" and other forms of Internet advertising.

11. Millions of VPI's VIDEO PROFESSOR-branded products have been distributed and are used worldwide. VPI is the worldwide leader in the computer-learning products industry.

12. The VIDEO PROFESSOR mark, as used in connection with VPI's business and the sale of its products, is world-famous, inherently distinctive, and as a result of VPI's extensive use, advertising and promotional efforts as described above, the VIDEO PROFESSOR mark is well-known and is recognized by customers around the world as signifying and representing VPI's business and high quality products.

13. On August 29, 1989, VPI was duly issued United States Trademark Registration Number 1566793 for the trademark words "VIDEO PROFESSOR" used in connection with a design, and on January 2, 1990, United States Trademark Registration Number 1574578 for the trademark words "VIDEO PROFESSOR."

14. As a result of the advertising and expenditures previously described, VPI has established considerable goodwill in the VIDEO PROFESSOR trademark, which is an invaluable asset of substantial and inestimable worth to VPI.

## V. DEFENDANTS' DISPARAGEMENT OF VPI'S BUSINESS AND PRODUCTS

15. Upon information and belief, Defendants are either former customers of VPI who for whatever reason have chosen to publish false and defamatory statements about VPI on various Internet bulletin boards or are competitors of VPI that have published false and defamatory statements for the purpose of increasing their Internet visibility, trading off the

goodwill of VPI, and falsely denigrating VPI's products to create an unfair competitive advantage in their favor.

16. Defendants' above-described conduct is continuing and is attended by circumstances of fraud, malice, or willful and wanton conduct, and committed heedlessly and recklessly, without regard to the consequences, or the rights and safety of others, particularly VPI. At a minimum, Defendants are willfully blind and has acted in reckless disregard of VPI's rights and claims.

## FIRST CLAIM FOR RELIEF
**(False Designation of Origin and False Representation (15 U.S.C. § 1125(a)))**

17. VPI incorporates by reference each and every allegation contained in this complaint as if fully set forth herein.

18. Defendants' activities constitute false descriptions and representations and false advertising in commerce in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), because Defendants misrepresent the nature, characteristics, and qualities of VPI's goods and commercial activities in connection with the commercial advertising and promotion of Defendants' products.

19. Defendants' acts of false representation and false advertising have caused VPI to sustain monetary damage, loss, and injury, in an amount to be determined at the time of trial.

20. Defendants' have engaged in and continue to engage in these activities knowingly, willfully, maliciously and deliberately, so as to justify the assessment of exemplary damages against them, in an amount to be determined at the time of trial.

21. Defendants' acts of false representation and false advertising, unless enjoined by this Court, will continue to cause VPI to sustain irreparable damage, loss, and injury, for which VPI has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### (Violation of Colorado Consumer Protection Act)

22. VPI incorporates by reference each and every allegation contained in this complaint as if fully set forth herein.

23. The state of Colorado has an important interest in ensuring that persons and entities doing business with Colorado residents fully comply with Colorado laws.

24. Upon information and belief, the conduct complained of herein is a deceptive trade practice, *inter alia*, in that, Defendants knowingly make false representations as to the characteristics VPI's goods; knowingly disparage the business and goods of VPI by false and misleading representations of fact; and knowingly fail to disclose material information concerning VPI's goods which information was known to Defendants at the time they published the false messages relating to VPI, which failure to disclose was intended to induce consumers to enter into transactions with Defendants.

25. Upon information and belief, the conduct of Defendants described herein occurred and is occurring in the course of Defendants' business, vocation or occupation.

26. Upon information and belief, Defendants engaged and continues to engage in these activities knowingly, willfully and deliberately.

27. VPI has been directly and proximately injured in its business and property by the Defendants' conduct complained of herein, in violation of VPI's rights under C.R.S. § 6-1-105.

28. Defendants' violations of C.R.S. § 6-1-105 have caused VPI to sustain monetary damages, loss and injury, in an amount to be determined at the time of trial.

29. In addition, pursuant to C.R.S., § 6-1-113, VPI is entitled to trebled damages, attorney's fees and costs of suit, all in amounts to be determined at trial.

30.  Defendants' violations of C.R.S. § 6-1-105, unless enjoined by this Court, will continue to cause VPI to sustain irreparable damage, loss and injury, for which VPI has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
### (Tortious Interference with Business Relationships)

31.  VPI incorporates by reference each and every allegation contained in this complaint as if fully set forth herein.

32.  VPI has entered into and/or had a reasonable expectation that it would maintain or enter into contracts or business relationships with certain third parties who were existing VPI customers or who had communicated their interest in establishing prospective contractual relationship with VPI. VPI is aware that numerous of its existing and/or prospective customers have attempted to communicate with VPI or to obtain additional information about VPI and its products through VPI's Internet Website.

33.  Upon information and belief, Defendants were aware of these contracts and/or prospective business relations of VPI, and of the fact that prospective customers in the industry utilize the Internet as a means of contacting or obtaining additional information concerning computer learning products such as those marketed and sold by VPI.

34.  Upon information and belief, Defendants knowingly and willfully interfered in VPI's contracts and/or business expectancies by diverting customers from VPI's Website through their disparagement of VPI, deceptive trade practices, and other unlawful conduct. As a result of the Defendants' conduct, customers were induced to breach or terminate contracts, business relationships or expectancies with VPI.

35. Defendants' conduct as complained of herein was knowing, willful, malicious and deliberate.

36. VPI has been damaged by the Defendants' conduct as complained of herein, in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF
### (Common Law Business Disparagement/Defamation)

37. VPI incorporates by reference each and every allegation contained in this complaint as if fully set forth herein.

38. Defendants' did publish or cause to be published false statements harmful to the interests of VPI with the intent that the publication of the statement would cause harm to the interests of VPI.

39. At the time Defendants published the false statements they knew that the statements were false or acted in reckless disregard of their truth or falsity.

40. VPI has been damaged by the Defendants' conduct as complained of herein, in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF
### (Accounting)

41. VPI incorporates by reference each and every allegation contained in this complaint as if fully set forth herein.

42. VPI is entitled, pursuant to 15 U.S.C. § 1117, to recover any and all profits of Defendants' that are attributable to their acts of infringement.

43. VPI is entitled, pursuant to 15 U.S.C. § 1117, to actual damages or statutory damages, sustained by virtue of Defendants' acts of infringement.

44.     The amount of money due from Defendants is unknown to VPI and cannot be ascertained without a detailed accounting by Defendants of the precise number of units of infringing material offered for distribution and distributed by Defendants.

### SIXTH CLAIM FOR RELIEF
### (Imposition of a Constructive Trust upon Illegal Profits)

45.     VPI incorporates by reference each and every allegation contained in this complaint as if fully set forth herein.

46.     Defendants' conduct constitutes deceptive, fraudulent, and wrongful conduct in the nature of intentional business disparagement, false representations, deceptive business practices, defamation, and tortious interference with VPI's business relationship.

47.     By virtue of Defendants' wrongful conduct, Defendants have illegally received money and profits that rightfully belong to VPI.

48.     Upon information and belief, Defendants hold the illegally received money and profits in the form of bank accounts, real property, or personal property that can be located and traced.

49.     Defendants hold the money and profits it has illegally received as a constructive trustee for the benefit of VPI.

**WHEREFORE**, VPI prays for judgment against Defendants as follows:

A.     That Defendants and their agents, servants, employees, and attorneys, and all other persons in active concert or participation with them who receive actual notice of the injunction, be temporarily, preliminarily, and permanently enjoined from, without permission from VPI:

   (1.) using the VIDEO PROFESSOR trademark, any colorable imitations thereof, or any marks confusingly similar thereto;

   (2.) disparaging VPI, its business, or its products in any manner, either orally, in writing, on the Internet, or otherwise; and

   (3.) making or causing to be made any false representations of fact with regard to either VPI's business or products.

 B. That VPI be awarded damages including statutory treble damages and punitive damages in an amount to be determined at trial;

 C. That VPI be awarded damages and restitution, in an amount to be determined at trial, under 15 U.S.C. § 1117(a) for the total profits received by Defendants from, and any damages sustained by, VPI as a result of Defendants' actions;

 D. That VPI be awarded under 15 U.S.C. § 1117(a) enhanced damages, up to three times the amount found as actual damages for Defendants' false descriptions and representations, in an amount to be determined at trial;

 E. That Defendants be required to pay to VPI such actual, statutory and exemplary damages as it has sustained as a consequence of Defendants' willful and intentional unfair competition;

 F. That VPI be awarded treble damages and attorneys' fees for Defendants' deceptive trade practices under C.R.S. § 6-1-113;

 G. That VPI be awarded punitive damages for Defendants' oppressive, fraudulent, and malicious acts of business disparagement;

H.	That Defendants be ordered to make a written report within a reasonable period, to be filed with the Court, detailing the manner of Defendants' compliance with the requested injunctive and mandatory relief above;

O.	That VPI be awarded its reasonable attorney's fees and costs of suit under 15 U.S.C. § 1117(a), 15 U.S.C. § 285, and C.R.S. § 6-1-113;

P.	That a constructive trust be imposed on the illegal profits generated as a result of Defendants' wrongful conduct;

Q.	That VPI be awarded pre-judgment and post-judgment interest and its costs of the litigation, and

R.	That VPI be awarded such other relief as the Court may deem just and proper.

Respectfully submitted this 16th day of August 2007.

*s/ Gregory C. Smith*
Gregory C. Smith
Fairfield and Woods, P.C.
1700 Lincoln Street, Suite 2400
Denver, CO 80203
Telephone: (303) 830-2400
Facsimile: (303) 830-1033

ATTORNEYS FOR PLAINTIFF